In re Mercier Clarence WILLARD, Jr. and Mercier Clarence Willard, Jr. dba Carpet Source, the Works, the Designer Works, Debtors.

Valerie R. WILLARD,
Plaintiff-Appellant,

v.

Mercier Clarence WILLARD, Jr. and Jon R. Stuhley, Trustee,
Defendants-Appellees.

BAP No. CC 81–1044–KHV.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued July 15, 1981.

Decided Dec. 17, 1981.

William Yacobozzi, Jr., Newport Beach, Cal., for appellant.

Jon R. Stuhley, Stopher & Stuhley and J. Thomas Bowne, Santa Ana, Cal., for appellee.

Before KATZ, HUGHES and VOLINN, Bankruptcy Judges.

### OPINION

KATZ, Bankruptcy Judge:

Prior to the filing of this bankruptcy on September 17, 1980, a California Superior Court dissolution action was heard to deter-

mine the respective rights of Mercier and Valerie Willard in a division of their community property. On July 8, 1980, an Intended Decision was filed with the superior court and sent to the parties. Among other things, the intended decision awarded the family residence to Valerie Willard and directed Mercier Willard to convey legal title to her.

On September 17, 1980, Mercier Willard filed a voluntary Chapter 7 bankruptcy. On September 25, 1980, the superior court entered judgment in conformity with its July 8, 1980 Intended Decision.

Shortly after the filing of the bankruptcy Valerie Willard filed a complaint in the bankruptcy court seeking relief from stay, damages and an order requiring the debtor and the trustee to convey title for the residence to the plaintiff. On February 3, 1981, the bankruptcy court entered summary judgment for the debtor on the issue relative to community property holding the state court judgment void under 11 U.S.C. § 362 and the residence subject to administration in the bankruptcy estate. The bankruptcy court found that the filing of an intended decision in a superior court did not constitute a final judgment which would transfer title from community to separate ownership. Valerie Willard has appealed both of the above issues.

We are called upon to determine whether a state court judgment, entered after bankruptcy, was void by reason of the automatic stay of 11 U.S.C. § 362 and, if not, its effect on property of the estate. We hold that the judgment was not rendered void by the automatic stay but that it has no effect on property of the estate in the hands of the trustee.

■ The Panel first turns to the issue of whether the superior court judgment was final before the date the bankruptcy was filed. Appellant relies on the wording of Rule 232(g), California Rules of Court, which provides:

"The court shall, within 10 days after the expiration of the time for filing objections or, if a hearing is held, within 10 days after such hearing, sign and file its

findings, conclusions and judgment. The judgment so filed shall constitute the decision upon which judgment shall be entered pursuant to Section 764 of the Code of Civil Procedure."

Appellant argues that the proposed findings and conclusions of law were not objected to and therefore under Rule 232(g) they must constitute the final decision of the court. Since the period for objecting to the findings elapsed prior to the filing of the within bankruptcy, the residence belongs solely to the appellant and is not property of the estate.

The trustee and the debtor point out that Rule 232(g) refers to the judgment as being entered under Section 664 of the Code of Civil Procedure. Section 664 provides in part that "(i)n no case is a judgment effectual for any purpose until entered." Since the judgment was entered after the filing of the bankruptcy, it is argued that the judgment is void and therefore the residence is property of the estate.

California courts have long followed the rule that a judgment is not effectual for any purpose until entered. *See, e.g., Lane v. Pellissier,* 208 Cal. 590, 283 P. 810 (1930); *Lind v. Baker,* 48 Cal.App.2d 234, 119 P.2d 806 (1942); *cf. Brown v. Superior Court of California in and for Los Angeles County,* 70 Cal.App. 732, 234 P. 409 (1925).

In *Phillips v. Phillips,* 41 Cal.2d 869, 264 P.2d 926 (1954), the Supreme Court of the State of California followed the general rule of Section 664 by stating that until judgment is entered, it is not effectual for any purpose. Furthermore, the court held that at any time before entry of judgment the court may change its conclusions of law and findings of fact and enter a judgment different from the one first announced. *Phillips v. Phillips, supra,* at 874, 264 P.2d 926.

In the present case we can find no authority which would indicate that California Rule of Court 232(g) overrides the general rule set forth in *Phillips v. Phillips, supra.* Since the judgment was entered after the bankruptcy was filed, this Panel holds in

accordance with California law that the judgment was not final and, therefore, ineffectual on the date the bankruptcy was filed.

We now turn to the issue of whether the judgment is void by reason of the automatic stay of 11 U.S.C. § 362. The automatic stay of § 362 operates as a stay of virtually all actions brought against the debtor. Section 362(a) provides that the stay is applicable to all "entities." The term "entity" is defined in 11 U.S.C. § 101(14) as including persons, trusts and governmental units. Although this definition is not exclusive,[1] there is no indication that the automatic stay would act to stay the entry of judgment by a court. This conclusion is consistent with 28 U.S.C. § 1481, which states in pertinent part: "(a) bankruptcy court shall have the powers of a court of equity, law and admiralty, *but may not enjoin another court.*" (Emphasis added).

Thus, while a bankruptcy court might find a party in contempt for commencing or continuing an action, the court would not have the jurisdiction to void a judgment where the judgment results *solely* from a court entering a judgment and the judgment is challenged on automatic stay grounds.

Having held that the superior court judgment is valid, this Panel must also determine whether the judgment is merely valid as between the debtor and appellant or whether it is also valid as against the estate.

Section 541(a) [11 U.S.C. § 541(a)] provides that an estate is created upon the commencement of a case under Section 301, 302 or 303. Included in the estate are all

"interests of the debtor and the debtor's spouse in community property—that is—under the sole, equal or joint management and control of the debtor; or liable for an allowable claim against the debtor" and/or spouse, to the extent that such interest is so liable.[2]

In the present case the Superior Court judgment was not final on the day the case was commenced. Under § 541 the community property of the debtor and his spouse became property of the estate. Once the estate is created no interests in estate property remain in the debtor. House Report No. 95–595, 95th Cong. 1st Sess. (1977) 367–8; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 82–3, U.S.Code Cong. & Admin. News 1978, p. 5787. At the time the judgment became final the debtor did not have any interest in estate property other than that which he could exempt back from the estate under 11 U.S.C. § 522. Therefore, that judgment can only be enforced by appellant against the debtor if and when he once again obtains such property back from the estate.

Once the bankruptcy is filed, it is equally clear that a superior court judgment does not affect the character or title of the property held in the debtor's estate. Section 1471(e) [28 U.S.C. § 1471(e)] provides that the bankruptcy court shall have exclusive jurisdiction of all the property, wherever located of the debtor, as of the commencement of the case. Unless and until the bankruptcy court deflects such jurisdiction to another court, the property of the estate will be unaffected by the superior court decree.[3]

In summary, we hold that the divorce court's judgment was valid as between the parties and, although not stayed by 11

---

1. The word "includes" and "including" are not limiting. 11 U.S.C. § 102(3).

2. Subject to certain limitations not applicable herein, California law provides that either spouse has the management and control of the community personal and real property. See California Civil Code §§ 5125, 5127, and 5105.

3. The appellant argues that it is inequitable for the debtor to submit the family residence to

claims of creditors. This argument is dismissed because California law provides that the superior court will be able to review the effects of the bankruptcy in fashioning a new support order. *See* California Civil Code § 4812. The appellant also presents argument relative to exemptions and nondischargeability of certain debts. The court below specifically reserved a decision on these issues and therefore we will not reach them herein.

U.S.C. § 362, ineffective against the bankruptcy estate. The judgment denying turnover of the residence by the trustee to Mrs. Willard is affirmed.