**In re KSH, INC. d/b/a Keyser Trailers, Debtors.**

**PEABODY INTERNATIONAL CORPORATION (PEABODY GALION DIVISION), Plaintiff,**

v.

**KSH, INC., d/b/a Keyser Trailers, Defendant.**

Bankruptcy No. 5–81–00682.

Adv. No. 5–81–0437.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 5, 1982.

William W. Warren, Scranton, Pa., for plaintiff.

Roger Mattes, Scranton, Pa., for defendant.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

Peabody International Corporation (Peabody) commenced an adversary proceeding to modify the automatic stay imposed by 11 U.S.C. § 362(a) in order to continue litigation of an action previously commenced in state court. In the state court action Peabody seeks replevin of goods it delivered to the debtor. In the case at bar Peabody moves for judgment on the pleadings. For the reasons cited herein we grant the relief requested.

In 1975 Peabody delivered to the debtor approximately fifty Galion Model 600–UN dump bodies with associated hoists, cab protectors and other miscellaneous items (hereinafter, collectively denominated as dump bodies). At the time of delivery the parties intended that the debtor would prepare and export the dump bodies. All but three of the dump bodies were exported or otherwise accounted for. Apparently since 1975 the debtor has been storing the three dump bodies.

The debtor filed for relief under Chapter 11 of the Bankruptcy Code on August 11, 1981. Peabody filed a complaint in replevin

in Court of Common Pleas of Lackawanna County, Pennsylvania on or about September 22, 1981, several weeks after the commencement of bankruptcy. Peabody avers that it commenced suit without knowledge of the debtor's filing for relief under the Bankruptcy Code and that it ceased prosecution of the action when informed of the bankruptcy filing. The debtor does not dispute this. The debtor asserts a mechanics' lien in the dump bodies due to its storing and improving the dump bodies.

 The filing of a petition for relief under the Bankruptcy Code immediately operates as a stay of all debt collection efforts against the debtor. 11 U.S.C. § 362(a). In particular, the stay prohibits the commencement or continuation of legal action against the debtor. § 362(a)(1). In this action Peabody has requested relief from the stay in order to continue a replevin action commenced in county court.[1] Relief from the stay can be afforded under § 362(d):

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property if—
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization.

The legislative history of the Bankruptcy Code provides that "cause" for relief from the stay under § 362(d)(1) is found, inter alia, when it is advantageous for an adversary proceeding to continue in a tribunal other than bankruptcy court. As the legislative history indicates:

> Undoubtedly the court will lift the stay for proceedings before specialized or non-governmental tribunals to allow those proceedings to come to a conclusion. Any party desiring to enforce an order in such a proceeding would thereafter have to

come before the bankruptcy court to collect assets. Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977) U.S. Code Cong. & Admin.News 1978, pp. 5787, 6297.

From the record it appears that there are no facts in dispute which are material to the resolution of Peabody's motion for judgment on the pleadings. Since we find it would be more advantageous for Peabody's action to continue in county court, we will grant the relief requested.

---

1. Peabody's action in county court was commenced after the filing of bankruptcy and thus is in technical violation of the stay, notwithstanding the fact that it was commenced without knowledge of the bankruptcy. Since the debtor has not raised the issue and since it appears that the debtor has suffered no prejudice, we find this technical violation will not affect the validity of the commencement of Peabody's suit in county court.