727 P.2d 333

**GREAT SOUTHWEST FIRE INSURANCE COMPANY, an Arizona corporation; and Dairyland Insurance Company, a Wisconsin corporation, Plaintiffs/Counterdefendants/Appellees,**

v.

**TRIPLE "I" INSURANCE SERVICES, INC., an Arizona corporation; Ernest Lee Powell and Constance Powell, husband and wife, Defendants/Counterclaimants/Appellants.**

No. 2 CA–CIV 5678.

Court of Appeals of Arizona,
Division 2, Department B.

March 19, 1986.

Kaplan, Jacobowitz, Byrnes, Rosier & Hendricks, P.A. by H. Whitfield Crail, Jr., Scottsdale, for plaintiffs/counterdefendants/appellees.

Berry & Martori, Ltd. by Frederick C. Berry, Jr., Phoenix, for defendants/counterclaimants/appellants.

BIRDSALL, Judge.

This appeal is from the judgment of the trial court in favor of the appellees and against the appellant Triple I Insurance Services and Andrew M. Berry and his wife. The Berrys have not appealed from the judgment. The appellees' claim against the appellants Ernest Powell and his wife was dismissed without prejudice by the trial court because they had filed a Chapter 7 bankruptcy petition in Federal Court on July 5, 1983, prior to the trial in this case, which commenced July 20, 1983. The trial court found that the automatic stay provisions of 11 U.S.C. § 362 prevented the plaintiffs from proceeding against the Powells.

In order for a person to be entitled to appeal, that person must be both a party to the action and one aggrieved by the judgment appealed from. Rule 73(a), Rules of Civil Procedure, 16 A.R.S.; Rule 1, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.; *Matter of Gubser,* 126 Ariz. 303, 614 P.2d 845 (1980); *Christian v. Cotten,* 1 Ariz.App. 421, 403 P.2d 825 (1965).

The Powells' contention on appeal is that the trial court's findings of fact entered pursuant to Rule 52, Rules of Civil Procedure, 16 A.R.S., were scandalous. They claim that the trial court could not make such findings pertaining to their conduct because they were in bankruptcy. We do not doubt that the findings displeased them. We quote from the findings they dislike:

"2. Defendant ANDREW M. BERRY (hereinafter 'BERRY') and ERNEST LEE POWELL (hereinafter 'POWELL') were partners and agents for each other in a scheme and artifice to defraud Plaintiffs. They each acted in furtherance of the scheme and artifice to defraud and said acts were done for themselves, for their respective marital communities and for their respective business entities; in

BERRY'S case that entity was a dba, America's Insurance Marketers, and in POWELL'S case it was the corporate defendant, TRIPLE 'I' INSURANCE SERVICES, INC. (hereinafter 'TRIPLE "I" '.)

3. From about May of 1981 to about May of 1982, the Plaintiffs though that BERRY was its general agent, and POWELL was its producer, and that the two were selling and underwriting liability insurance coverage for two truck companies in Arizona and California, were promptly issuing insurance policies to the insureds, were promptly notifying the Plaintiffs of the coverage bound and the premiums charged and received, and were receiving in trust for the Plaintiffs the premiums paid by the insureds for the coverage and were promptly remitting to Plaintiffs when billed all said monies held in trust for Plaintiffs.

4. What Plaintiffs did not begin to know until about May, 1982, but what the evidence now clearly and convincingly shows, was that Berry and Powell were doing the following from about May of 1981 to about May of 1982:

Binding Plaintiffs to tow truck coverage anywhere in the United States, receiving the premiums paid by the insureds for that coverage, not holding those premiums in trust for Plaintiffs, not advising Plaintiffs of the coverage bound or the premiums received, taking affirmative steps to deceive Plaintiffs as to the true extent of the coverage bound and premiums received by 1) Failing to issue policies; 2) Issuing policies with fictitious numbers; 3) Showing false and fictitious addresses for Plaintiffs on the 'Notice of Financed Premium' forms and 4) Failing to deliver to the insureds the claim packet that would tell the insured to contact the Plaintiffs directly with a claim.

As a result of the foregoing fraud, the participants in the scheme and artifice to defraud received, converted, and somehow spent funds in an amount unknown, but known to be in excess of $183,000.

\* \* \* \* \* \*

6. No participant in the scheme and artifice has offered any explanation of what happened to the converted monies. The defenses offered by Defendant BERRY were incredible.

BERRY and POWELL continue to operate in the State of Arizona in the insurance industry selling and underwriting the same kind of coverage that was sold and underwritten pursuant to the above-described scheme and artifice to defraud."

■ We need not consider the issue as presented by the Powells since we find they were dismissed as defendants and the fact of their displeasure does not make them aggrieved parties.

■ The appellant Triple I also filed for bankruptcy on June 15, 1985. This was after the trial court had entered findings, conclusions, and a judgment on August 31, 1983. That judgment did not contain Rule 54(b) findings, and the Berry's appeal was dismissed for that reason. A judgment with such findings was then entered June 26, 1985. Triple I contends that this subsequent entry of a final judgment was prohibited by the automatic stay provision of 11 U.S.C. § 362. We disagree.

11 U.S.C. § 362 provides, in pertinent part:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor."

We do not believe this provision prevents the state court from entering a judgment in this case. The appellees concede that they are prevented from attempting to collect the judgment. A case in point is *Willard v. Willard,* 15 B.R. 898 (1981). *Willard* involved a California dissolution of marriage case in the state court. The proposed findings of the trial court, not yet reduced to judgment awarded the wife the family residence. The bankruptcy petition was filed before judgment was entered in the dissolution. The state court entered final judgment despite the intervening bankruptcy filing. A panel of the Ninth Circuit held that the judgment was not void, even though it recognized that the residence would remain a part of the bankruptcy estate pending further proceedings. Concerning the stay effected by 11 U.S.C. § 362, the court said:

"The automatic stay of § 362 operates as a stay of virtually all actions brought against the debtor. Section 362(a) provides that the stay is applicable to all 'entities.' The term 'entity' is defined in 11 U.S.C. § 101(14) as including persons, trusts and governmental units. Although this definition is not exclusive, there is no indication that the automatic stay would act to stay the entry of judgment by a court. This conclusion is consistent with 28 U.S.C. § 1481, which states in pertinent part: '(a) bankruptcy court shall have the powers of a court of equity, law and admiralty, *but may not enjoin another court.'* [Emphasis in original.]

Thus, while a bankruptcy court might find a party in contempt for commencing or continuing an action, the court would not have the jurisdiction to void a judgment where the judgment results *solely* from a court entering a judgment and the judgment is challenged on automatic stay grounds." 15 Bankr. at 900.

We find *Willard* persuasive and adopt that reasoning.

We affirm the trial court judgment in all respects.

LIVERMORE, P.J., and LACAGNINA, J., concur.