727 P.2d 336

GREAT SOUTHWEST FIRE INSURANCE COMPANY, an Arizona corporation, and Dairyland Insurance Company, a Wisconsin corporation, Plaintiffs/Counterdefendants/Appellees,

v.

TRIPLE "I" INSURANCE SERVICES, INC., an Arizona corporation; Ernest Lee Powell and Constance Powell, husband and wife, Defendants/Counterclaimants/Appellants.

No. CV 86 0305–PR.

Supreme Court of Arizona, En Banc.

Oct. 14, 1986.

Kaplan, Jacobowitz, Byrnes, Rosier & Hendricks by H. Whitfield Crail, Jr., Scottsdale, for plaintiffs.

Berry & Martori by Frederick C. Berry, Jr., Phoenix, for defendants.

HOLOHAN, Chief Justice.

We have granted this petition for review to address one issue: whether the trial court violated the automatic stay provisions of 11 U.S.C. § 362 by entering a final judgment against defendant Triple "I" after Triple "I" had filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Act. The Court of Appeals 151 Ariz. 280, 727 P.2d 333, held that 11 U.S.C. § 362 does not prevent the state court from entering judgment against a debtor. We disagree, and vacate that part of the Court of Appeals' decision.

The plaintiffs, Great Southwest Fire Insurance Company and Dairyland Insurance Company, brought this action in 1982 against Triple "I" Insurance Services, Inc. (Triple "I"), America's Insurance Marketers, Inc., Ernest Lee and Constance Powell, and Andrew M. and Sandra L. Berry. The plaintiffs' suit alleged that the defendants, as agents for the plaintiffs, engaged in fraud, misrepresentation, conversion, and racketeering in the sale of plaintiffs' insurance.

During the course of the case in the trial court, the Powells filed a petition in bankruptcy, and further proceedings were stayed as to them pursuant to 11 U.S.C. § 362. The court entered a default judgment against Triple "I" because it failed to appear at trial, and the plaintiffs voluntarily dismissed the cause of action against America's Insurance Marketers. Thus, only the Berrys participated as defendants at trial. The trial court entered judgment for the plaintiffs. The Court of Appeals dismissed the Berrys' initial appeal because the judgment failed to dispose of the claims against all parties and failed to include an appropriate statement required by Rule 54(b), Rules of Civil Procedure, 16 A.R.S.

In June 1985, the plaintiffs submitted a revised form of judgment in the superior court to supply the elements necessary for a final judgment. The proposed judgment dismissed the Powells without prejudice, and ordered entry of judgment against the Berrys and Triple "I". Within approximately one week, Triple "I" filed a Chapter 7 petition in bankruptcy.

Prior to the signing of the proposed form of judgment, the plaintiffs apprised the court that Triple "I" had filed a petition in bankruptcy, and the plaintiffs acknowledged that it was inappropriate to enter final judgment against Triple "I" because of the automatic stay provision of 11 U.S.C. § 362. For reasons not disclosed on the record, the trial judge signed the proposed judgment which included Triple "I".

■ Congress is empowered by the United States Constitution to establish bankruptcy laws. U.S. Const. art. I, § 8. The bankruptcy provisions enacted by Congress by virtue of the supremacy clause of the Constitution bind state courts in this area. U.S. Const. art. VI, cl. 2. The automatic stay provision of the Bankruptcy Code enacted by Congress provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (Supp. III 1985). The purpose of the automatic stay is to protect the debtor, giving him a "breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R. Rep. No. 595, 95th Cong., 2d Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 6296–97. The effect of the automatic stay is that "all legal actions being taken or to be taken against the debtor are halted.... The section is inclusive. Every proceeding of a judicial or quasi-judicial nature is affected." *In re Joe DeLisi Fruit Co.,* 11 B.R. 694, 696 (D.Minn.1981); *see also In re Capitol-York*

*Construction Corp.,* 43 B.R. 52, 55 (S.D.N. Y.1984) (the automatic stay provisions of 11 U.S.C. § 362(a)(1) are binding on federal courts). Accordingly, the trial court in this case should not have entered judgment against Triple "I" after the debtor had filed its bankruptcy petition.

Furthermore, to permit the superior court's judgment to remain would be to interfere with the efficient and orderly administration of the bankruptcy estate, which is to be conducted by the bankruptcy judge. *See Association of St. Croix Condo. Owners v. St. Croix Hotel,* 682 F.2d 446, 448–49 (3d Cir.1982). The effect of the trial court's entering judgment against Triple "I" would be to frustrate the objective of the Bankruptcy Code to give the debtor a fresh start, unhampered by preexisting debt. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235 (1934). In view of the mandate of the supremacy clause and the policy underlying the bankruptcy laws, we hold that the trial court erred when it entered judgment against the debtor Triple "I" in direct conflict with the automatic stay provision of 11 U.S.C. § 362.

The plaintiffs cite *In re Willard,* 15 B.R. 898 (9th Cir.1981), in support of the proposition that a state court judgment entered against a debtor after the filing of a bankruptcy petition is not void by reason of the automatic stay. In *Willard,* the Bankruptcy Appellate Panels of the Ninth Circuit, while acknowledging that § 362(a) automatic stays apply to all "entities," stated that there was "no indication that the automatic stay would act to stay the entry of judgment by a court." 15 B.R. at 900. The court found that this was consistent with 28 U.S.C. § 1481 (Supp. V 1981), which provides that a bankruptcy court may not enjoin another court. *Id.*

We do not find this reasoning persuasive. Although a bankruptcy court may not have authority to enjoin a state court from acting, the supremacy clause of the Constitution provides that the laws of the United States are binding on the judges in every state. To uphold a state court judgment which was entered in violation of the Bankruptcy Code violates the purpose of the

supremacy clause and the national policy contained in the federal act. We hold that a judgment entered in violation of the automatic stay provisions of the Bankruptcy Code is void as to the debtor in bankruptcy. The appropriate course of action for the plaintiffs is to request relief from the automatic stay in bankruptcy court. 11 U.S.C. § 362(d) (Supp. III 1985). *In re KSH, Inc.*, 27 B.R. 690, 691 (M.D.Pa.1982).

We vacate that part of the Court of Appeals' decision which affirmed the judgment against Triple "I". The remainder of the Court of Appeals' decision is approved. The judgment of the superior court against Triple "I" is reversed, but the judgment against the Berrys is affirmed.

■ Both the appellants' and appellees' requests for attorneys' fees are denied as not being timely filed. Such request must be made either in the petition for review, the response thereto, or by separate written motion filed and served prior to oral argument. *Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985).

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.