754 P.2d 1353

Anthony Aleman ABRIL, Jr., and Jack Levine, (non-party), Plaintiff/Appellants,

v.

John D. HARRIS, Anthony J. Palumbo and Harris & Palumbo, P.C., Defendants/Appellees.

No. 2 CA–CV 87–0266.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 17, 1987.

Review Denied June 21, 1988.

Jack Levine, Phoenix, for plaintiffs/appellants.

Burch & Cracchiolo, P.A. by Daniel Cracchiolo and Edwin D. Fleming, Phoenix, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's granting of defendants' motion for summary judgment.

Appellant Abril was the driver in a hit-and-run accident in which one pedestrian was killed and a second seriously injured. Abril's passenger later informed the police that Abril was the driver. The injured pedestrian sued Abril for his injuries. Abril was insured by Globe American Casualty Company (Globe) with a policy limit of $15,000. Globe refused to settle, and the pedestrian obtained a judgment against Abril for $110,000. Abril's attorney in that suit is not involved in this case.

Faced with an excess judgment against him personally for $95,000, Abril retained the law firm of Levine & Harris to represent him in a "bad faith" suit against Globe. He executed a contingency fee agreement with Levine & Harris on June 1, 1981. On November 2, 1981, the law firm was dissolved. The record indicates that the dissolution was less than amicable. When given the choice of which lawyer he wished to continue with his case, Abril chose Harris. In late 1984, Harris succeeded in obtaining a judgment against Globe for $1,300,000 in damages, including $1,000,000 in punitive damages. In January 1985, Globe appealed from that judgment. On April 9, 1985, Abril fired Harris and his firm, Harris & Palumbo, and retained Harris' former partner, Levine, as his attorney. On May 29, 1985, the original complaint in the case before us was filed against Harris, Palumbo and two other attorneys individually and Harris & Palumbo, P.C. alleging five causes of action and seeking over $41,000,000 in damages. All of the allegations in the complaint related to Harris' representation of Abril in the suit against Globe. As early as July 8, 1985, Abril's attorney, Levine, was aware that Globe in its appellate brief had conceded that it was responsible for the $95,000 judgment against Abril and that Globe was only appealing from the judgment in excess of that amount.

An amended complaint was filed March 12, 1986 against Harris & Palumbo, P.C., and both attorneys individually, alleging breach of contract, bad faith and seeking declaratory relief. The trial court granted defendants' motion for summary judgment. The court found:

The Court finds a portion of the case to be groundless. The Court finds a portion of the case was not brought in good faith. The Court finds a portion of the case was brought for harassment purposes. The Court finds this litigation has been motivated more by greed than the desire to rectify wrong. Because a majority of the case was brought without substantial justification, pursuant to A.R.S. § 12–349, defendants shall be entitled to recover reasonable attorneys

fees to be assessed against plaintiff's counsel.

Appellant Abril raises 12 issues on appeal, none of which have merit. He argues that he has shown damages and mental distress as a result of appellees' conduct and that the court erred in granting summary judgment. Appellant Levine separately appeals from the imposition of attorney's fees against him personally. We affirm.

■ Abril first argues that the imposition of the excess judgment against him as a result of the pedestrian's suit caused him damages. Without discussing the merits, if any, of this argument, we note that none of the appellees were involved in that lawsuit. Abril further argues that having the judgments become a matter of record caused him mental distress. Be that as it may, he must look to others for any recovery, because appellees were not responsible for those judgments, nor their recording. Abril claims, however, that appellee Harris damaged him when Harris told the pedestrian's attorney the dates that the judgments against Abril were due to expire. Harris had the other attorney's file of the accident case against Abril and was using it in his action against Globe. The other attorney called Harris to inquire about the date the judgments expired. Harris provided the information from the file. We fail to see how this damaged Abril. If Harris had refused to provide the information, the attorney would have demanded that his file be returned to him. We also note that the judgments were a matter of public record. We fail to see how Abril was damaged by Harris' actions.

■ Abril next argues that the trial court erred in denying his request for declaratory relief. He sought a declaratory judgment that appellees were not entitled to any contingent fee for representing him in the action against Globe. As noted above, Abril entered into a contingency fee agreement with Levine & Harris. When that firm was dissolved and Abril chose to be represented by Harris, the fee agreement remained in effect. An arbitrator decided how the fees due the firm would be divided between the two attorneys. Any fee owed by Abril is governed by the arbitrator's decision. At the time declaratory relief was sought, the case against Globe was on appeal. The amount of the fee, if any, was therefore unknown, and the trial court was correct in denying declaratory relief. *Merritt-Chapman & Scott Corporation v. Frazier*, 92 Ariz. 136, 375 P.2d 18 (1962). The trial court dismissed this count of the complaint without prejudice, and we note that Abril has brought a new action concerning attorney's fees in superior court.

The next claimed error is the trial court's award of attorney's fees to appellees against appellant Levine personally. Appellants first claim that the award violated Levine's due process rights. Appellees, in response, argue that Abril has no standing to assert a violation of Levine's due process rights. They maintain the issue is not properly before this court.

It is the duty of this court to inquire into its jurisdiction to consider matters before it. *Musa v. Adrian*, 130 Ariz. 311, 636 P.2d 89 (1981); *Soltes v. Jarzynka*, 127 Ariz. 427, 621 P.2d 933 (App.1980). Levine was not a party to the proceedings below. The question, therefore, is whether he has any right to appeal from the court's order imposing attorney's fees against him personally. Rule 1, Ariz.R.Civ.App.P., 17A A.R.S. provides that "[A]n appeal may be taken by any party aggrieved by the judgment." The issue of an appeal by a nonparty has not been decided in Arizona. Looking to other jurisdictions, we find that under certain circumstances, a non-party can appeal from an adverse judgment. *Metropolitan Sanitary District of Greater Chicago ex rel. O'Keeffe v. Ingram Corp.*, 85 Ill.App.3d 859, 41 Ill.Dec. 129, 407 N.E.2d 627 (1980), rev'd on other grounds, 85 Ill.2d 458, 55 Ill.Dec. 535, 426 N.E.2d 860 (1981), the court stated:

> In order to bring an appeal, the interest of a non-party must be direct, substantial, and immediate, one which would be prejudiced by the judgment or benefited by its reversal. [citations omitted] A non-party to an action is prejudiced or

aggrieved in the legal sense when a legal right has been invaded or a pecuniary interest is directly, not merely indirectly, affected. [citations omitted] The non-party's interest must appear in the record or be alleged in the points relied on for reversal.

41 Ill.Dec. 133, 407 N.E.2d at 631. A similar result was reached in *Montana Power Co. v. Montana Department of Public Service Regulation*, — Mont. —, 709 P.2d 995 (1985).

 We believe that an attorney against whom the trial court has imposed attorney's fees meets the standard expressed by the Illinois court. He has been aggrieved, his interest is direct, substantial and immediate, he would be benefitted by reversal of the judgment and his pecuniary interest has been directly affected. We hold, therefore, that an attorney against whom attorney's fees have been imposed can appeal from that part of the judgment affecting him. We now look at the record to determine whether Levine has appealed or whether the appeal was taken in Abril's name only. The notice of appeal states: "NOTICE IS HEREBY GIVEN that the plaintiff, Anthony Aleman Abril, Jr. *and his undersigned attorney* hereby appeal...." (Emphasis added.) We find the issue of the award of attorney's fees against Levine is properly before us.

The record does not support the claim that Levine's due process rights were violated. He had ample opportunity to argue the issue to the court. He had notice and a hearing. True, the hearings also dealt with other issues, but we do not believe that due process requires a hearing solely on the issue of attorney's fees.

Levine next argues that the trial court improperly applied A.R.S. § 12-349 retroactively. The original complaint was filed May 29, 1985. He argues that the statute is not applicable in this action. We disagree. The statute is not applicable to actions taken by him prior to its effective date. However, it does apply to this litigation subsequent to that date. There is ample evidence in the record of actions taken by Levine after August 7, 1985, to support the trial court's action, such as the filing of an amended complaint on March 12, 1986. Further, the court stated that no consideration would be given to any fees incurred prior to the effective date of the statute. The court did not give retroactive application to the statute.

We have considered the remaining issues raised by Abril and find them to be moot in view of our resolution of the issue of his damages.

We agree with the comments of the trial judge concerning the lack of merit to this case. A reading of the motions filed by appellants indicate the harassing nature of much, if not all, of them. We note that this appeal was filed January 22, 1987. The mandate of Division One of this court in Abril's case against Globe issued on January 9, 1987. At the time this appeal was filed, Abril and his attorney knew that the judgments in favor of the injured pedestrian would be paid by Globe and that he would suffer no damages. We find this appeal frivolous. Appellees have requested and are granted attorney's fees and costs on appeal upon the filing of the statement required by Rule 21(c), Ariz.R.Civ. App.P., 17A A.R.S., to be assessed against Levine personally. Rule 25, Ariz.R.Civ. App.P., 17A, A.R.S.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.