NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

PERRY HARRIS, *Petitioner/Appellee,*

*v.*

ANITA ELAINE SMITH-HARRIS, *Respondent/Appellant.*

No. 1 CA-CV 20-0275 FC
FILED 6-24-2021

Appeal from the Superior Court in Maricopa County
No. FN2015-003563
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Anita E. Smith-Harris, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Brian Y. Furuya joined.

---

¶1        In this post-decree appeal, Anita Smith-Harris claims that a June 2019 judgment for $1,980 in attorneys' fees violated an automatic bankruptcy stay and was void. But even assuming an automatic stay could preclude such a judgment, because the superior court validated that judgment after the automatic stay expired, and because Smith-Harris acknowledged that the stay was not in place when garnishment orders issued to satisfy the judgment, those orders are affirmed.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2        In January 2017, the court entered the decree of dissolution ending the marriage of Smith-Harris and Perry Harris. In May 2018, Michael Rizzo was appointed to sell some of the community's real property. The court ordered Smith-Harris to reimburse Rizzo for the cost of moving items from the property to a storage unit. The court then rejected Smith-Harris' claims that Rizzo acted improperly and granted Rizzo's request for attorneys' fees. The specific timing of certain events that followed resolves the argument Smith-Harris makes on appeal.

¶3        On May 29, 2019, after Rizzo applied for $1,980 in fees, Smith-Harris filed a Chapter 13 bankruptcy petition.[2] On May 31, 2019, the superior court signed a judgment awarding Rizzo $1,980 in fees. Later on May 31, 2019, Smith-Harris filed a notice of her May 29, 2019 bankruptcy petition. On June 3, 2019, the superior court clerk entered the $1,980 judgment.

---

[1] No answering brief was filed. This court could treat that silence as a confession of error but declines to do so and rules on the merits. *Gibbons v. Indus. Comm'n*, 197 Ariz. 108, 111 ¶ 8 (App. 1999).

[2] Smith-Harris strategically filed for bankruptcy at various times during this proceeding, with the record suggesting the May 29, 2019 petition may have been her fifth bankruptcy petition.

¶4        The bankruptcy court then dismissed Smith-Harris' May 29, 2019 bankruptcy petition. Although Smith-Harris sought to reinstate her bankruptcy case, on August 6, 2019, the bankruptcy court denied that request, finding there was no automatic stay in place from July 8, 2019 to early August 2019.

¶5        Meanwhile, Smith-Harris moved to vacate the fee judgment. On July 9, 2019, the superior court denied that motion, thereby validating the fee judgment at a time when no bankruptcy stay was in place. Smith-Harris filed a notice of appeal from the fee judgment (CV 19-0571 FC), but that appeal was dismissed when she failed to comply with procedural requirements.

¶6        Rizzo sought writs of garnishment against Smith-Harris' employer and a bank to satisfy the fee judgment. After some delay caused by Smith-Harris' unsuccessful appeal in CV 19-0571 FC, the superior court overruled Smith-Harris' garnishment-based objections and issued an order of earnings garnishment directed to her employer. In early March 2020, Smith-Harris moved to quash the garnishment order, claiming the fee judgment was void given her May 29, 2019 bankruptcy petition. The court denied that motion, noting Smith-Harris "admits in the Motion [to quash] that the [automatic bankruptcy] stay is not in effect, and was not in effect at the time of the garnishment." By the end of March 2020, the garnishment judgment was satisfied, and the court issued an order discharging the garnishee.

¶7        This court has jurisdiction over Smith-Harris' timely appeal from the denial of her motion to quash the garnishment order pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1)(2021).[3]

**DISCUSSION**

¶8        Smith-Harris argues the superior court lacked jurisdiction to enter the fee judgment, given the pendency of her May 29, 2019 bankruptcy petition and the automatic stay, making that judgment void and also voiding the garnishment proceedings that followed. This court reviews a challenge to the superior court's jurisdiction de novo. *Samaritan Health Sys. v. Ariz. Health Care Cost Containment Sys. Admin.*, 198 Ariz. 533, 536 ¶ 13 (App. 2000).

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶9        Smith-Harris' brief on appeal does not comply with this court's procedural requirements, meaning she has waived her argument on appeal. *See, e.g.*, *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."); *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987); ARCAP 13(a). Moreover, Smith-Harris' arguments do not establish a basis for relief.

¶10       "[A] judgment entered in violation of the automatic stay provisions of the Bankruptcy Code is void as to the debtor in bankruptcy." *Great Sw. Fire Ins. Co. v. Triple "I" Ins. Servs., Inc.*, 151 Ariz. 283, 286 (1986). Presuming an automatic stay was in place that applied to the June 3, 2019 judgment, without more, such a stay would have precluded entry of that judgment. But here, there is more.

¶11       On July 9, 2019, at a time when no bankruptcy stay was in place, the superior court denied Smith-Harris' motion to vacate the fee judgment, thereby validating the fee judgment. That action, taken at a time when no stay was in place, negates any argument that the requirement Smith-Harris pay Rizzo $1,980 in fees was void. Moreover, in March 2020, when Smith-Harris challenged the writ of garnishment, she conceded that no stay was in place at that time. Because (1) the requirement that Smith-Harris pay Rizzo $1,980 was validated when no bankruptcy stay was in place and (2) the writ of garnishment was issued when no bankruptcy stay was in place, Smith-Harris has failed to show those orders were void. Nor has she shown any other error.

## CONCLUSION

¶12       Because Smith-Harris has shown no error, the garnishment orders are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4