8 F.3d 34
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ardas YANIK, Debtor.
Julian AYRS, Appellant,
v.
CHAPTER 7 TRUSTEE, Appellee.
 No. 92-55492.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lien creditor Julian Ayrs appeals pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's denial of Ayrs's motion for relief from the automatic stay protecting Chapter 7 debtor Ardas Yanik. We have jurisdiction to review. See Crocker Nat'l Bank v. American Mariner Indus., Inc. (In re American), 734 F.2d 426, 428 (9th Cir.1984). We affirm.
 
 
 3
 * Background
 
 
 4
 On July 7, 1991, debtor Yanik filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701. Ayrs filed a motion requesting relief from the automatic stay protecting Yanik, seeking to sell Yanik's Northridge, California residence in order to satisfy a pre-petition money judgment secured by Ayrs against Yanik in state court.[1] The bankruptcy court denied Ayrs's request for a stay, finding that Ayrs failed to show cause for relief from stay under 11 U.S.C. § 362(d)(1).
 
 
 5
 Ayrs appealed to the BAP, which determined that the bankruptcy court did not abuse its discretion by denying Ayrs's request for relief from the stay. The BAP held that there was nothing in the record warranting overturning the bankruptcy court's determination that any misconduct by Yanik did not rise to the level of bad faith sufficient to establish cause for relief from the stay. Ayrs timely appeals to this court.
 
 II
 Analysis
 
 6
 Ayrs contends the BAP erred by determining that: (1) Yanik did not act in bad faith by filing the petition, and (2) the state court judgment could be stayed. This contention lacks merit.
 
 
 7
 We review a bankruptcy court's order granting or denying relief from an automatic stay for abuse of discretion. See Idaho Dep't of Lands v. Arnold (In re Arnold), 806 F.2d 937, 938 (9th Cir.1986). We we will not overturn a factual determination unless clearly erroneous. Ewell v. Diebert (In re Ewell), 958 F.2d 276, 279 (9th Cir.1992).
 
 
 8
 Under the Bankruptcy Code, a debtor who files a petition for bankruptcy is protected by an automatic stay provision, which prevents creditors from collecting on their claims. 11 U.S.C. § 362(a); In re Arnold, 806 F.2d at 939. The stay is applicable to the enforcement of a judgment against the debtor or property of the estate. 11 U.S.C. § 362(a)(2). See Kalb v. Feuerstein, 308 U.S. 433, 443 (1940) (held unauthorized a state court's confirmation of property sale to satisfy debt owed to mortgagees when property owner had petition pending in bankruptcy).
 
 
 9
 A creditor may seek relief from the automatic stay: (1) for cause, including the lack of adequate protection of the creditor's security interest in the property, or (2) when the debtor has no equity in the property and the property will not help the debtor rehabilitate his or her business. 11 U.S.C. § 362(d)(1-2). A debtor's lack of good faith in filing a bankruptcy petition provides cause for lifting the automatic stay under 11 U.S.C. § 362(d)(1). See In re Arnold, 806 F.2d at 939.
 
 
 10
 Whether or not a debtor lacked good faith in filing the petition for bankruptcy depends upon "an amalgam of factors and not upon a specific fact." Id. "Good faith is lacking only when the debtor's actions are a clear abuse of the bankruptcy process." Id.
 
 
 11
 Here, in the motion for relief Ayrs filed with the bankruptcy court, Ayrs made numerous allegations that Yanik had acted in bad faith by filing the bankruptcy petition. In support, he provided copies of: (1) the writ of execution on Yanik's Northridge, California residence, (2) the state court's order granting Ayrs's application for order of sale of the residence, (3) the state court's order declaring void Yanik's attempted transfer of the residence to Yanik's wife, (4) Yanik's claimed homestead exemption, and (5) a portion of Yanik's schedule of assets and creditors. In addition, Ayrs provided his own declaration stating that after reviewing Yanik's petition, he "determined that it was fraudulent."
 
 
 12
 In making its determination of fact, the bankruptcy court reviewed Ayrs's documents, as well as the schedules and statements accompanying Yanik's petition for bankruptcy. The bankruptcy court found that the timing of Yanik's petition was not sufficient to establish bad faith. The bankruptcy court also found that events other than Ayrs's attempted sale of Yanik's Northridge residence prompted Yanik to file his petition. The bankruptcy court noted that Yanik was unable to pay unsecured obligations exceeding $72,000 and that Yanik's estimated income exceeded his expenses by less than $250 per month. Based on our review of the record, we cannot conclude that the bankruptcy court committed clear error by finding that Yanik had not filed his petition in bad faith. See In re Ewell, 958 F.2d at 279; In re Arnold, 806 F.2d at 939.
 
 
 13
 Moreover, we reject Ayrs's contention that the automatic stay must be lifted because it would operate as a stay of the state court's judgment.[2] Pursuant to section 362(a)(2), the automatic stay is applicable to the enforcement of a judgment against property belonging to Yanik's estate. See 11 U.S.C. § 362(a)(2); Kalb, 308 U.S. at 443.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On January 29, 1991, Ayrs obtained a $29,500 state court judgment against debtor Yanik. Ayrs applied for and obtained an order directing that Yanik's Northridge, California residence be sold to satisfy the judgment. On April 26, 1991, Ayrs recorded an abstract of judgment against the Northridge residence
 
 
 [2]
 Ayrs relies on In re Willard, 15 B.R. 898 (9th Cir. BAP 1981) to support his contention. That case, however, involved the automatic stay's effect on the entry of a judgment, not the enforcement of a judgment. Id. at 900
 
 
 [3]
 Ayrs also contends that the BAP erred by failing to address arguments Ayrs presented in his reply brief. This contention lacks merit. Any issue not raised in the opening brief is deemed waived. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)