614 P.2d 849

**M. M. GUBSER, Petitioner/Appellee,**

v.

**Shirley K. GUBSER,
Respondent/Appellant.**

**No. 2 CA–CIV 3227.**

Court of Appeals of Arizona,
Division 2.

Dec. 4, 1979.

Rehearing Denied Jan. 9, 1980.

Review Granted Feb. 5, 1980.

Jack J. Rappeport, Tucson, for petitioner/appellee.

Law Offices, John Wm. Johnson by Christopher Paul Tabing, Tucson, for respondent/appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant is the mother of two minor children whose custody was awarded to her in 1974 when her marriage with appellee was dissolved. A detailed property settlement 'agreement which was incorporated into the dissolution decree provided in part:

> Subsequent to the dissolution of this marriage, should it become necessary for either party to engage in Court litigation to attempt to modify the provisions of this Agreement in any fashion, the successful party shall be entitled to his or her reasonable attorney's fees and costs.

In July, 1977, appellee filed a petition in juvenile court seeking to have the two children adjudicated dependent. Three days later he filed a petition in the dissolution case requesting that he be given custody of

the children. The juvenile court ordered consolidation of both matters for hearing in juvenile court, and on July 28 ordered that a psychologist interview the children and the parents individually and prepare a report by the following day. An attorney was appointed by the juvenile court to represent the children. After a lengthy hearing on July 29 at which the psychologist testified, the hearing was continued to August 1 and 2 and at its conclusion the children were returned to appellant's custody. The following day, however, the court declared them temporary wards of the juvenile court and placed them in the temporary care and custody of foster parents. On August 9 the court ordered the children returned to the custody of appellant as temporary wards of the juvenile court. At the August 9 hearing, all the attorneys and the judge agreed that the 10-year-old girl needed professional help. Counsel appointed to represent the children volunteered to arrange a consultation with the psychologist who had already interviewed her.

A September 6 order appointed the court investigator to investigate the case in preparation for an expected October hearing and directed both parents and all three attorneys to cooperate in all respects with the investigator in allowing access to the children, either separately or together, for the purposes of interviews or in connection with any other phase of investigation, including psychological evaluation, consultation, therapy or other testing with any doctors deemed appropriate by the investigator.

Lengthy hearings were conducted on November 1, 2, 3, 7, 8, and 10, 1977. The psychologist was called to testify as the court's witness. The hearing resumed on December 16. At its conclusion the court found no dependency existed.

By minute entry order of June 19, 1978, the court ordered legal custody of both children to remain with appellant, subject to reasonable visitation with appellee. The court fixed $3,500 as a reasonable fee for the children's attorney, with $2,000 to be paid by the county and one-half the balance to be paid by each parent. The psychologist's fee of $1,000 was approved with each parent to pay half. It was further ordered that appellee pay his own attorney's fees and costs and appellant do likewise except for $1,000 which was to be paid directly to her attorney by appellee. A formal order and judgment incorporating these rulings and dismissing the dependency petition was entered on December 7, 1978.

The mother complains on appeal that the award of attorney's fees to her is inadequate, and challenges the assessment of one-half of the psychologist's fee and $750 of the fee for the children's attorney, as well as the court's allowance of $2,000 to the children's attorney from county funds. She contends that she was the successful party and under the terms of the property settlement agreement should have been awarded costs and expenses of $11,500 in accordance with her testimony on December 16, 1977. She had previously testified that as of November 10 her "legal fees" totaled $6,300, including "close to a thousand dollars" she owed her attorney. She has filed only a limited portion of the transcript of testimony and we therefore presume this was the only testimony relative to legal fees.

We agree with appellant that the dependency proceedings cannot be distinguished from the consolidated custody proceedings in applying the earlier agreement between the parties. First, the dependency petition was defective on its face in alleging the children to be dependent children under A.R.S. § 8–201(10)(a) while praying that custody be transferred to the father. Insofar as applicable, the statute defines dependent child as a child "who has no parent or guardian willing to exercise or capable of exercising such [effective parental] care and control." The "dependency petition" thus was no more than an attempt to modify the custody provision of the dissolution decree, which was heard under the appropriate petition in the dissolution action after consolidation of the two matters. It follows that the mother was "the successful party" in court litigation seeking to modify

the prior agreement that had awarded her care, custody and control of the children.

■ Appellant, therefore, was entitled to reasonable attorney's fees and costs. Although no evidence was offered to establish the reasonableness of the amounts she had paid, appellee does not dispute the reasonableness of $11,500 as the total of fees and costs incurred through December 16, 1977, which is supported by the number and length of the hearings. The trial court's ruling that appellant "is to pay all of her own attorney fees and costs save and except $1,000 thereof" is not a finding that $1,000 is a reasonable fee but instead implies that it is something less than that.

■ Fees of the psychologist and the children's attorney were disbursements incurred pursuant to an order and are taxable costs under A.R.S. § 12–332(A)(6). Thus they also fall under the agreement and should have been assessed against appellee.

■ We decline to consider appellant's attack on the sum assessed against the county for the representation by the children's attorney in the dependency proceedings. Appellant can only complain of the parts of the judgment that affect her. *Chambers v. United Farm Workers Organizing Committee, AFL–CIO*, 25 Ariz.App. 104, 541 P.2d 567 (1975).

Those portions of the judgment pertaining to appellant's payment of fees and costs are reversed with directions to enter judgment awarding appellant reasonable attorney's fees and costs in the sum of $11,500 and providing for payment by appellee of the psychologist's fee and the portion of the children's attorney's fee assessed against the parents. In addition, appellant is entitled to a reasonable attorney's fee on this appeal.

Reversed and remanded.

HOWARD and HATHAWAY, JJ., concur.