614 P.2d 845

**In the Matter of Elizabeth Joy GUBSER and William Curtis Gubser, Persons under the age of Eighteen Years.**

**M. M. GUBSER, Petitioner/Appellee,**

v.

**Shirley K. GUBSER, Respondent/Appellant.**

**No. 14717–PR.**

Supreme Court of Arizona, In Banc.

July 10, 1980.

Jack J. Rappeport and Frederick C. Hickle by Jack J. Rappeport, Tucson, for petitioner/appellee.

Law Offices of John Wm. Johnson by Christopher Paul Tabing, Tucson, for respondent/appellant.

Donau, Bolt & Hickle by Frederick C. Hickle, Tucson, for minors.

GORDON, Justice:

Appellant, Shirley K. Gubser appeals from a judgment of the trial court in consolidated dependency proceedings and marriage dissolution proceedings. The Court of Appeals reversed and remanded. *Gubser v. Gubser,* 126 Ariz. 307, 614 P.2d 849 (1979). Taking jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23 Rules of Civil Appellate Procedure, 17A A.R.S., we granted appellee Merlyn M. Gubser's petition for review. The decision of the Court of Appeals is vacated.

The Gubsers' marriage was dissolved in 1974. Under the terms of a separation and property settlement agreement, incorporat-

ed into the dissolution decree, Shirley was given custody of their two minor children with visitation rights in Merlyn. The property settlement agreement also provided the following:

"Subsequent to the dissolution of this marriage, should it become necessary for either party to engage in Court litigation to attempt to modify the provisions of this Agreement in any fashion, the successful party shall be entitled to his or her reasonable attorney's fees and costs."

On July 22, 1977, Merlyn filed a petition in the Juvenile Court of Pima County seeking to have the two children adjudicated dependent pursuant to A.R.S. § 8–201 et seq. The petition asked that care, custody, and control of the children be given to Merlyn, and it also requested that the dependency proceedings be consolidated with the dissolution case. On July 25, 1977, Merlyn filed a petition to modify the decree, seeking custody of the children. By order dated July 25, 1977, the two cases were consolidated.

The case involved numerous motions, orders, and hearings. The trial court appointed a psychologist to evaluate the parents and children and an attorney to represent the children. On December 7, 1978, a judgment was filed nunc pro tunc to June 19, 1978. The judgment stated a finding that the children were not dependent, and it ordered the dependency petition dismissed. The judgment also denied Merlyn's petition to modify the custody provisions of the dissolution decree and ordered custody to remain with Shirley. The court found the reasonable value of the children's court-appointed attorney to be $3,500, of which the court would pay $2,000 and the parents were to pay $750 each. The psychologist's fee of $1,000 was approved and the parents were each ordered to pay $500. Each parent was ordered to bear his or her own costs and attorneys' fees except that Merlyn was to contribute $1,000 toward Shirley's fees.

On appeal, Shirley Gubser contends that the trial court erred in ordering her to pay any share of her attorneys' fees and costs incurred in this suit. She claims that pursuant to the terms of the property settlement agreement, quoted above, she is entitled, as the successful party, to have all of her attorneys' fees and costs paid by Merlyn Gubser.

■ Although the parties did not argue the issue in their briefs, we found that a fundamental question had been raised by this case: whether the provision for costs and attorneys' fees in the property settlement agreement is superseded by the specific statutory provisions of A.R.S. §§ 25–324 and 332 C, which were in existence at the time of the dissolution decree. Consequently we ordered the parties to submit supplemental briefs to answer the question and to answer whether the trial court's award of costs and attorneys' fees was justified under the statutory provisions. Having considered the submitted briefs we conclude that the trial court, in awarding costs and attorneys' fees, was bound by the statutory provisions rather than by the terms of the parties' agreement.

A.R.S. § 25–324, provides in part:
"*Attorney's fees*

"The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter. [Concerning dissolution of marriage.] For the purpose of this section costs and expenses may include attorney's fees, deposition costs and such other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal."

A.R.S. § 25–332 C provides:

"Attorney fees and costs shall be assessed against a party seeking modification [of a custody decree] if the court finds that the modification action is vexatious and constitutes harassment."

It is apparent that the award of costs and attorneys' fees pursuant to statute is based upon very different considerations than those contemplated by the property settlement agreement. Section 25–324 provides

for a discretionary award of a reasonable amount for costs and expenses based upon the financial resources of the parties. *See, e. g., Baum v. Baum,* 120 Ariz. 140, 584 P.2d 604 (App.1978). Section 25–332 C protects the party with custody from harassing and vexatious attempts to modify the decree.

The property settlement agreement provides for a mandatory award of reasonable costs and attorneys' fees to the successful party. The award is to be made without regard to the relative financial positions of the parties and without consideration of whether the suit was brought in good faith.

We believe that the provisions of § 25–324 manifest a policy of permitting a party with a legitimate claim or defense to maintain an action concerning the dissolution of marriage despite his or her limited financial means. The attorneys' fees provision of the separation agreement undermines that policy. Under the agreement, a party of limited means with an arguably valid claim or defense would be very hesitant to engage in litigation if his or her prospects of success were at all uncertain. Moreover, an award of costs and attorneys' fees based on success is especially inappropriate where the proceedings are not a contest over disputed property or a right to damages but an attempt to determine the best interests of the children.[1]

Appellant Shirley Gubser points out that the parties' separation agreement was approved by the original dissolution court and incorporated into their decree of dissolution pursuant to A.R.S. § 25–317.[2] She contends that it is now, therefore, *res judicata* and the trial court in the modification suit was bound to follow the agreement and terms regarding costs and attorneys' fees.

A review of our past cases shows appellant's contention to be without merit. In *Simpson v. Superior Court,* 87 Ariz. 350, 351 P.2d 179 (1960), a husband and wife entered into a property settlement agreement which was made a part of a divorce decree. In the agreement the husband promised that he would not seek to modify the decree in any future actions. Nevertheless, this Court held in *Simpson* that the parties' agreement did not deprive the trial court of its statutory power to modify the support and maintenance provisions of the decree upon petition of the husband because the authority to modify such provisions was based on statute. In *Helber v. Frazelle,* 118 Ariz. 217, 575 P.2d 1243 (1978), a husband and wife provided in a property settlement agreement that the husband would make child support payments until their child attained the age of twenty-one. This agreement was incorporated into a divorce decree, but subsequent to the decree the Legislature lowered the age of majority to

---

1. We note that the present case is a consolidation of a custody suit and a dependency action and that A.R.S. §§ 25–324 and 25–332 C apply only to the former proceedings. From the record it appears that the trial court heard all evidence relevant to both dependency and change of custody prior to deciding either issue. In the absence of any showing to the contrary, we assume that the costs incurred by the parties may have been appropriate to either proceeding.

2. The pertinent parts of A.R.S. § 25–317 are as follows:

    "*Separation agreement; effect*
    "A. To promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them, and support, custody and visitation of their children.

\* \* \* \* \* \*
"D. If the court finds that the separation agreement is not unfair as to disposition of property or maintenance, and that it is reasonable as to support, custody and visitation of children, the separation agreement shall be set forth or incorporated by reference in the decree of dissolution or legal separation and the parties shall be ordered to perform them.
\* \* \* \* \* \*
"E. Terms of the agreement set forth or incorporated by reference in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt.
"F. Except for terms concerning the maintenance of either party and the support, custody or visitation of children, entry of the decree shall thereafter preclude the modification of the terms of the decree and the property settlement agreement, if any, set forth or incorporated by reference therein."

eighteen years. We held that the trial court had no jurisdiction to enforce the support provision in the decree after the child had reached the age of eighteen, since its jurisdiction extended only to ordering support for children and not persons above the age of majority.

The implication of *Simpson, supra,* and *Helber, supra,* is that a decree of dissolution is effective and enforcible only to the extent that its provisions are consistent with governing statutes. This rule follows from the general principle that a dissolution action is purely statutory and the dissolution court has only such jurisdiction as is given by statute. *See e. g., Saxon v. Riddel,* 16 Ariz.App. 325, 493 P.2d 127 (1972). Although A.R.S. § 25–317 gave the court authority to incorporate the separation agreement into the decree of dissolution, that authority does not extend to provisions which are in derogation of §§ 25–324 and 25–332 C. Since we have found that the attorneys' fees provision of the separation agreement is contrary to the statutory provisions, the agreement provision is unenforcible.

We cannot say whether the trial court's disposition concerning the parties' costs and attorneys' fees was correct under A.R.S. §§ 25–324 and 25–332 C, because we are unable to discern whether the trial court was applying those sections or making its decision on some other basis. That part of the judgment which orders Merlyn and Shirley to bear their own costs and attorneys' fees except for Merlyn's $1,000 contribution toward Shirley's fees is reversed, and the case is remanded for a hearing to determine the proper allocation under A.R.S. §§ 25–324 and 25–332 C.

Finally, Shirley also appeals from the trial court's order that the children's court-appointed attorney be paid $2,000 out of public funds. This, she argues, is in excess of the amount permitted under A.R.S. § 8–225. We believe that appellant has no standing to appeal this award.

"An appeal may be taken by any party aggrieved by the judgment." Rule 1, Rules of Civil Appellate Procedure, 17A A.R.S. Appellant can appeal from only that part of the judgment by which she is aggrieved. *Chambers v. United Farm Workers Organizing Com.,* 25 Ariz.App. 104, 541 P.2d 567 (1975). For appellant to qualify as an aggrieved party, the judgment must operate to deny her some personal or property right or to impose a substantial burden upon her. *Compass Rlty. & Inv. Corp. v. A A Refrig. & Heat., Inc.,* 21 Ariz. App. 214, 517 P.2d 1107 (1974). The trial court's order permitting $2,000 of the children's attorneys' fee to be paid by the court denied no right to appellant nor imposed any burden upon her.

The judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.