OPINION
HATHAWAY, Judge.
This appeal was taken by the Arizona Department of Economic Security (DES) and the minor children from the order of the Pima County Juvenile Court dismissing DES’ dependency petition. From the record, it appears that the mother of the minor children filed a petition for dissolution from their father in January 1983. Pursuant to the stipulation of the parties, the court ordered that the mother be given temporary custody of the parties’ children, two daughters, three and one years of age, and granted visitation rights to the father.
In January and again in March 1983, the mother contacted the DES Office of Child Protective Services and spoke to a caseworker regarding her concern that the three-year-old had been sexually abused by her father. After investigation, DES apparently was unable to substantiate the allegation and took no further action at that time. During March and April, the mother arranged for an evaluation of the child by two clinical psychologists, Dr. Evans and Dr. Baker, neither of whom was able to conclude that sexual abuse had occurred. Dr. Baker’s report, which was prepared following five consultations from April 18 through April 22 and made a part of the record in this appeal, states that “[c]ertain findings from this evaluation give cause for concern. No one finding is in and of itself conclusive, but taken all together the findings give some support to the possibility of sexual molestation.”
In mid-March, because of physical and behaviorial symptoms exhibited by the daughter, the mother again became concerned that she was being sexually molested and refused to allow the father any further visitation. On April 18, she filed a petition in the divorce action for a temporary restraining order to preclude further visitation on the basis of the suspected sexual abuse. Hearings on the petition were held before Judge Sherrill on five days between April 25 and May 17 at which a number of witnesses testified, including psychologists who had evaluated both parents. On May 3, Dr. Baker had another consultation with the child at the mother’s request and subsequently prepared an addendum to her earlier report. The addendum concludes that the new information derived from the May 3 consultation, together with the previous findings, “very strongly supports the conclusion that [the child] had been sexually molested by her father.” Although Dr. Baker did testify at some point during the proceedings before Judge Sherrill, it appears that the addendum was prepared after those hearings and was not introduced in evidence. The child also began therapy sessions on May 10 with a social worker, who also concluded following a session on May 19 that the child had been sexually molested by her father.
On May 17, the proceedings in the dissolution action were continued until after May 31 due to the judge’s vacation. The *391 court ordered, however, that during the interim the father be allowed visitation with the child twice a week, once at the home of the children and once at his parents' home under the supervision of one of his parents. As a consequence of this order and the findings of Dr. Baker and the child’s therapist, DES filed a dependency petition in the juvenile court on May 20, seeking to have both children adjudicated dependent and giving their legal custody to DES, with physical custody to remain with the mother.
As the factual basis for the allegation of dependency, the petition recites the issuance of the temporary visitation order and the opinion of “therapists and child psychologists who have interviewed [the child] that she has been the victim of sexual abuse for an extended period of time and that both she and [her sister] are at risk of further abuse ...” The petition further alleged that the “natural mother of the minors is unable to protect the minors from contact with the father by virtue of the order of the domestic relations division requiring that visitation take place.” Upon the filing of the petition, the juvenile court issued a temporary order modifying Judge Sherrill’s order to require supervision of all visitation by DES. The superior court subsequently vacated the continued hearing on temporary visitation in the dissolution proceeding, apparently as a result of the assumption of jurisdiction by the juvenile court.
On June 8, a hearing was held before a juvenile court referee, during which the mother admitted the allegations of the petition. The referee found, and the juvenile court adopted his finding, that by virtue of the mother’s admissions,' the allegation of dependency as to the mother was substantially true. The court adopted the referee’s recommendation that the children be adjudicated dependent minors and that legal custody be given to DES. In light of the father’s denial of the allegations of dependency, a hearing was set on all contested matters. Subsequently, the father filed a motion to dismiss the dependency petition, and a hearing was held before the court on July 8, at which the motion was opposed not only by the DES, but also by the mother and counsel appointed to represent the children. At the conclusion of the hearing, the court dismissed the petition, and it is from this order that this appeal was taken both by DES and by counsel for the children.
Under Arizona law, a child is deemed to be “dependent” where he or she has been adjudicated to be:
“(a) In need of proper and effective parental care and control and has no parent or guardian, or one who has no parent or guardian willing to exercise or capable of exercising such care and control.
(b) Destitute or who is not provided with the necessities of life, or who is not provided with a home or suitable place of abode, or whose home is unfit for him by reason of abuse, neglect, cruelty or depravity by either of his parents, his guardian, or other person having his custody or care.”
A.R.S. § 8-201(11) (Supp.1983). Rule 15 of the Rules of the Juvenile Court, 17A A.R.S., requires that a petition requesting an adjudication of dependency must contain “a short statement setting forth the essential facts which show the neglect or dependency of the child.” A petition which merely recites the language of the statute defining dependency is insufficient to confer jurisdiction upon the juvenile court. Matter of Appeal in Pima County, Juvenile Action No. J-46735, 25 Ariz.App. 424, 544 P.2d 248 (1976). Further, a petition filed by a parent which alleges the incapacity of only one parent and seeks a transfer of legal custody to the other is also insufficient. Gubser v. Gubser, 126 Ariz. 307, 614 P.2d 849 (App.1979); vacated on other grounds, 126 Ariz. 303, 614 P.2d 845 (1980).
Although the juvenile court’s minute entry order does not set forth the basis for the dismissal, it appears from the transcript of the July 8 hearing that the court was of the opinion that the petition failed to allege sufficiently that the mother was *392 incapable of exercising effective parental care and control. The court stated:
“I think I understand the matter. I think fundamentally it’s an improper way to have a dependency proceeding and I think the allegations are legally deficient in that they allege that the only incapacity, the only incapability of the mother is that she has to deal with ongoing pendente lite order in a domestic case, which order I guess either can be modified, if that’s the proper term, if the hearing is over, or which isn’t even final yet, if the hearing isn’t complete I think it’s in the nature of a motion of a judgment on the pleadings, or maybe now — well, essentially that, or approaching the motion for summary judgment.”
It also appears that the court concluded that the proper remedy was to seek a modification of the visitation order by superior court in the dissolution action upon a showing of physical harm to the children. To the extent that the court’s order was based on its conclusion that there were insufficient allegations concerning harm to the children, we hold that the court erred. Effective parental care clearly implies prevention of sexual as well as other physical abuse. The petition alleges the opinion of professionals based on their evaluation that one of the children has been sexually abused by the father, and that the mother is incapable of preventing further abuse to her or her sister. Assuming that the allegations with respect to the mother’s incapacity are sufficient, we hold that the petition sufficiently alleges “the essential facts which show the neglect or dependency of the child.” Rule 15, Rules of the Juvenile Court, 17 A A.R.S. In light of the ages of the children in question, we do not believe that this rule can be properly read to require allegations of specific instances of sexual abuse.
The determinative issue before this court, therefore, is whether the allegation that the mother is incapable of exercising effective parental control solely by virtue of the visitation order entered by the superior court in the dissolution action forms a legally sufficient basis for a dependency petition.
In determining this issue, it is important to note that the dependency petition was filed not by the mother, but rather by DES. Thus we are not faced with the problem of “forum shopping” by a parent who is dissatisfied with the determination of custody matters in a dissolution action, as was the case in Gubser, supra. In filing a dependency petition, DES is exercising the responsibility conferred upon the state to prevent dependency, abuse and exploitation of children. A.R.S. § 8-546(A)(5). The state’s interest lies in the future well-being of the minor children residing in this state, and is separate and distinct from the interest of the parents in preserving their respective rights to custody and control of their children. See Matter of the Appeal in Maricopa County Juvenile Action No. JD-561, 131 Ariz. 25, 638 P.2d 692 (1981); Matter of the Appeal in Gila County Juvenile Action No. J-3824, 130 Ariz. 530, 637 P.2d 740 (1981).
We also deem the circumstances existing at the time the dependency petition was filed to be of great significance. Prior to the May 17 visitation order, DES did not have the reports of the psychologist and the therapist who had evaluated the child unequivocally expressing their opinions that she had indeed been subject to sexual abuse by her father. In light of this and the fact that the mother was able to protect the children by refusing unsupervised visitation by the father, DES could have appropriately, concluded that drastic intervention in the form of a dependency petition was unwarranted. On May 20, however, DES had a sufficient basis for concluding that sexual abuse had occurred, but by virtue of the May 17 visitation order the mother was precluded from preventing visitation by the father. Her failure or refusal to seek a modification of the order of the superior court by way of special action to this court cannot be held to prevent DES from exercising its responsibilities to the children.
*393 Even assuming that DES could properly have intervened in the dissolution action, an issue which we do not decide, the superi- or court had no jurisdiction to hear the dependency petition. Webb v. Charles, 125 Ariz. 558, 611 P.2d 562 (App.1980). The filing of a dependency petition in juvenile court was the only avenue open to DES to protect the interests and well-being of the children. Insofar as the juvenile court’s dismissal was based on the conclusion that the petition was deficient as a matter of law in alleging the mother’s incapacity to provide effective parental care, we hold that the court was in error. In so holding, we address only the sufficiency of the petition on its face. The sufficiency of the evidence to sustain all of the allegations of dependency is a matter for the juvenile court to determine in the first instance following an evidentiary hearing as provided in Rule 16, Rules of the Juvenile Court.
The order of the juvenile court is vacated and the matter remanded for further proceedings.
BIRDSALL, C.J., and HOWARD, J., concur.