NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:

RICHARD W. MACLEAN, JR., *Petitioner/Appellant*,

*v.*

DIANE K. KAPPA, *Respondent/Appellee.*

No. 1 CA-CV 13-0512
FILED 06-24-2014

---

Appeal from the Superior Court in Maricopa County
No. FN2010-001992
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

---

COUNSEL

Terrance D. Dunmire, Esq., Scottsdale
By Terrance D. Dunmire
*Counsel for Petitioner/Appellant*

S. Alan Cook, PC, Phoenix
By S. Alan Cook
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1 Richard MacLean appeals from the superior court's decision declining to award him attorney's fees incurred defending against Diane Kappa's post-dissolution-decree motion. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 MacLean and Kappa were married in 1969. In 2010, MacLean filed a petition for dissolution of marriage. Ten months later, the parties reached a property division agreement pursuant to Rule 69 of the Arizona Rules of Family Law Procedure, and the superior court accepted the agreement as fair and equitable.[1]

¶3 The resultant decree of dissolution entered in June 2011 recited the terms of the parties' Rule 69 property division as orders of the court. The decree awarded to MacLean "all right, title and interest" in his two business entities (Competitive Environment and MacLeanTech, LLC), subject to division of the monies held in the business accounts. The decree also divided the total funds held in the couple's bank accounts as of initiation of the dissolution to equalize each party's share of community assets held in the accounts. The decree also included a clause awarding attorney's fees and costs to the prevailing party in post-decree litigation or arbitration.[2]

---

[1] The parties' children had reached adulthood by the time of dissolution and the parties expressly waived any claim to spousal maintenance, leaving property division the only subject of the Rule 69 agreement.

[2] In its entirety, the prevailing-party clause provides:

**¶4**        One year later, Kappa filed a motion to amend the decree to include in her share half of the value of payments to Competitive Environment earned before but received after the petition for dissolution was filed.  She asserted that the decree was deficient because it did not address Competitive Environment's accounts receivable existing when dissolution proceedings were initiated, and that MacLean had concealed payments totaling $11,522.50, which should have been divided equally between them.  Accordingly, Kappa asked the court to award her half of this amount (approximately $5,760) plus interest until paid in full.

**¶5**        After extensive briefing,[3] the superior court denied Kappa's motion.  The court found that MacLean had disclosed the existence of the accounts receivable as well as the $11,522.50 received before the parties entered their Rule 69 agreement and before the court entered the decree.  Because the payments were not concealed, the decree's award to MacLean of "all right, title and interest" in Competitive Environment included receipt of payments belonging to the entity.  Accordingly, the court denied Kappa's motion for division of the $11,522.50, and also denied both parties' requests for attorney's fees and costs.

**¶6**        MacLean filed a motion for reconsideration of the denial of his fees request, arguing that the prevailing-party clause in the decree mandated an award of fees and costs to him for successfully defending against Kappa's motion.  He also sought fees under Arizona Revised Statutes ("A.R.S.") § 25-324,[4]  which generally authorizes a discretionary award of attorney's fees and costs in family court cases, but mandates

---

The parties further agree that if either party does not abide by the terms of the Rule 69 Agreements that have been reached and/or attempts to have them set aside or not included within the Decree, and that causes either arbitration or litigation, the prevailing party shall be awarded his/her attorneys fees and costs.

[3]        The parties fully briefed Kappa's motion.  Additionally, MacLean filed a motion to dismiss Kappa's motion, which itself was fully briefed and included supplementary filings.  MacLean also moved for discovery sanctions against Kappa premised on Kappa's refusal to withdraw her motion.

[4]        Absent material revisions after the relevant date, we cite a statute's current version.

such an award in certain circumstances. After full briefing, the superior court declined to reconsider its denial of a fee award under the statute, reasoning that under *Edsall v. Superior Court*, 143 Ariz. 240, 247, 693 P.2d 895, 902 (1984), the discretionary statutory attorney's fees provision A.R.S. § 25-324 overrode the prevailing-party provision in the Rule 69 agreement and decree.

¶7            MacLean timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶8            MacLean argues the superior court erred by denying his request for an award of attorney's fees under the decree's prevailing-party provision, as well as under A.R.S. § 25-324(A) and (B)(2). We generally review the grant or denial of an award of attorney's fees for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011). We review questions regarding the superior court's authority to grant or deny fees, however, de novo as matters of law. *Thompson v. Corry*, 231 Ariz. 161, 163, ¶ 4, 291 P.3d 358, 360 (App. 2012).

¶9            MacLean asserts that the court should have "honored the prevailing-party clause" in the Rule 69 agreement and decree, arguing that principles of contract law mandate enforcement of the parties' agreement by its terms. In *Edsall*, however, our supreme court concluded otherwise. 143 Ariz. at 247–49, 693 P.2d at 902–04. The supreme court held that "A.R.S. § 25-324 overrides the provision in the property settlement agreement awarding attorneys' fees solely on the basis that one is the prevailing party." *Id.* at 249, 693 P.2d at 904. Under *Edsall*, the court's authority under A.R.S. § 25-324 trumps even an ostensibly mandatory prevailing-party clause. *Id.* at 247, 693 P.2d at 902. MacLean himself acknowledged as much in his motion for reconsideration, recognizing that "the award of attorney's fees in this situation is governed by ARS 25-324" and arguing that the prevailing-party clause should just weigh in favor of an award under the statute. As such, the superior court did not err by assessing MacLean's fees request within the constraints of § 25-324 rather than awarding fees pursuant to the settlement provision.

¶10           MacLean claims *Edsall* should no longer control in light of subsequent legislative enactments modifying § 25-324. But none of the modifications on which he relies undermine the force of *Edsall*. In 1996, our Legislature added consideration of "the reasonableness of the positions each party has taken throughout the proceedings" (in addition

to the parties' respective financial resources) to the provision allowing a discretionary award of attorney's fees under what is now § 25-324(A). 1996 Ariz. Sess. Laws ch. 145, § 9 (2d Reg. Sess.). Despite this addition, the relative financial positions of the parties—a key policy concern in *Edsall*, 143 Ariz. at 248–49, 693 P.2d at 903–04—remained a lynchpin of the court's exercise of discretion under the statute as amended. *See, e.g.*, *MacMillan*, 226 Ariz. at 592, ¶ 37, 250 P.3d at 1221 ("Although the intent of A.R.S. § 25–324 is to assure a remedy for the party least able to pay, the trial court may also consider whether a party has adopted unreasonable positions.") Moreover, the Legislature is aware of how to craft a prevailing-party standard. *See, e.g.*, A.R.S. § 12-341.01 (allowing award of fees to successful party in action arising out of contract). Nevertheless, the Legislature chose not to do so in § 25-324, mandating instead an analysis of the reasonableness of the parties' positions.

¶11 Nor does the 2010 addition of a mandatory statutory fees provision undermine *Edsall*. At that time, the Legislature added § 25-324(B) to mandate an award of fees where a domestic relations petition was filed in bad faith, was groundless, or was filed for an improper purpose. 2010 Ariz. Sess. Laws ch. 221, § 2 (2d Reg. Sess.). But this provision is similar to former § 25-332(C) (now § 25-411(M)), which mandates an award of fees for a "vexatious" action to modify child custody, and which the supreme court considered in *Edsall*. 143 Ariz. at 248, 693 P.2d at 903; *see also In re Gubser*, 126 Ariz. 303, 304–05, 614 P.2d 845, 846–47 (1980) (concluding authority to award fees under § 25-324 and then § 25-332(C) trumped settlement agreement's prevailing-party provision in a proceeding to modify child custody). Moreover, the Legislature again premised a mandatory award of fees not on which party prevails, but rather on the greater showing of bad faith or whether a claim was groundless or made for an improper purpose. A.R.S. § 25-324(B)(1)–(3). Accordingly, we conclude that the superior court did not err by determining its authority under A.R.S. § 25-324 overrode the prevailing-party provision in the Rule 69 agreement and decree.

¶12 MacLean also argues the superior court erred by declining to award fees under A.R.S. § 25-324(A) or (B)(2). Even assuming MacLean properly and timely sought fees under § 25-324(A), the court did not err by denying his request. The superior court, in its discretion, may award fees under § 25-324(A) after considering the financial resources of both parties and the reasonableness of the positions each party has taken, but such consideration of the parties' relative financial positions requires record evidence establishing the parties' current financial situations. *Breitbart-Napp v. Napp*, 216 Ariz. 74, 83–84, ¶ 37, 163 P.3d 1024, 1033–34

(App. 2007). Here, MacLean failed to provide any current financial information to support his request for an award of fees. Instead, he relied only on an assertion that Kappa has "ample resources" and that "[t]he parties' financial resources are essentially equal" based on the property division in the decree. The decree's property division almost two years before the current fee request was an insufficient basis from which to establish the parties' relative financial positions as required under § 25-324(A). *See id.* at 84, ¶ 39, 163 P.3d at 1034. Accordingly, the court did not abuse its discretion by denying an award of fees under § 25-324(A).

¶13 Nor did the court abuse its discretion by declining to award MacLean fees under § 25-324(B)(2), which mandates an award of fees "[i]f the court determines that . . . [t]he petition was not grounded in fact or based on law." By denying MacLean's request for fees—and by declining to reconsider this denial—the superior court implicitly found Kappa's motion was not groundless.

¶14 MacLean nevertheless characterizes the superior court's ruling on Kappa's motion as containing "numerous findings that place [Kappa's] § 25-318(D) motion squarely in the category of baseless under § 25-324(B)." But although the court's ruling denied Kappa's motion, it did not determine the motion was groundless. The ruling, although unequivocally against Kappa on the merits, was not tantamount to a finding of groundlessness (or, indeed, bad faith or improper purpose).

¶15 Moreover, the record does not unequivocally establish that Kappa's motion was utterly ungrounded in fact or entirely without legal basis. Without such a showing, we decline to override the superior court's discretion, particularly in light of that court's superior knowledge of the parties and the proceedings leading up to Kappa's motion. Accordingly, we conclude that the superior court did not abuse its discretion by denying MacLean's § 25-324(B)(2) request for fees.

¶16 Finally, MacLean seeks an award of attorney's fees and costs on appeal under the decree's prevailing-party clause, A.R.S. § 25-324, and A.R.S. § 12-349; Kappa seeks only costs on appeal. Because Kappa prevailed on appeal, MacLean is not entitled to an award of fees by the terms of the decree, as a sanction under § 25-324(B), or as a sanction for an unjustified action under § 12-349. Nor is MacLean entitled to a fee award under § 25-324(A), having failed to provide current financial information necessary to assess a request for fees under that section. Accordingly, we deny his request for fees and costs. As the prevailing party, Kappa is entitled to an award of costs upon compliance with ARCAP 21.

**CONCLUSION**

¶17       The superior court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh