NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BMO HARRIS BANK, N.A., *Plaintiff/Appellee,*

*v.*

MORGEN THRUSTON; HOWARD THRUSTON, *Defendants/Appellants.*

No. 1 CA-CV 15-0279
FILED 9-22-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-003138
The Honorable James T. Blomo, Judge

**AFFIRMED**

COUNSEL

Quarles & Brady, LLP, Phoenix
By John M. O'Neal, Krystal Aspey Fleischmann
*Counsel for Plaintiff/Appellee*

Morgen Thruston and Howard Thruston, Mesa
*Defendants/Appellants*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

**KESSLER**, Judge:

¶1          Morgen and Howard Thruston, a married couple, appeal from a final judgment entered by the superior court in favor of BMO Harris Bank, N.A. ("BMO").  For the following reasons, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          In 2007, Morgen Thruston executed a promissory note for $1,995,000 in favor of BMO's predecessor, M & I Bank, FSB.[1]  The note was secured by a deed of trust for a residential property in Mesa, Arizona (the "Property").  After Ms. Thruston defaulted on the note, BMO's predecessor initiated a trustee's sale and took title to the Property via Trustee's Deed. Despite the transfer of ownership, the Thrustons continued to reside at the Property without permission from 2010 through 2013.

¶3          In 2013, after posting a "demand to vacate" at the Property, BMO filed a complaint asserting claims for trespass, destruction of property, and injunctive relief.  BMO later amended its complaint to add a claim for forcible entry and detainer ("FED").   The superior court granted a preliminary injunction, enjoining the Thrustons from damaging the Property.  The Thrustons appealed, and this court affirmed the preliminary injunction.[2]  *See BMO Harris Bank, N.A. v. Thruston*, 1 CA-CV 13-0372 WL 6851586 (Ariz. App. Dec. 4, 2014) (mem. decision).

¶4          Meanwhile, the superior court held a hearing on the FED claim.  The Thrustons failed to appear, and the court entered judgment in favor of BMO.  After entry of judgment, the Thrustons filed an answer to the complaint and a motion to set aside the judgment, arguing that BMO had not provided "written demand" for possession of the Property.  *See*

---

[1]      BMO is the successor by merger of M & I Bank, FSB.

[2]      After this court issued its memorandum decision affirming the preliminary injunction, the Arizona Supreme Court granted the Thrustons five extensions of time to file a petition for review.  Because they never filed a petition, the supreme court dismissed the matter.

Ariz. Rev. Stat. ("A.R.S.") § 12-1173.01(A) (2016).[3]  The court denied their motion.

**¶5**        Thereafter, the superior court issued a writ of restitution directing the Maricopa County Sheriff to remove the Thrustons from the Property.  BMO then moved for entry of final judgment asking the court to dismiss its claims for trespass, destruction of property, and injunctive relief.  The court granted BMO's motion and entered judgment (1) affirming the FED judgment, (2) affirming the writ of restitution, (3) affirming two awards of attorneys' fees against Morgen Thruston, and (4) dismissing BMO's claims for trespass and destruction of property without prejudice.  This timely appeal followed.   We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[4]

## DISCUSSION

I.        Forcible Entry and Detainer

        A.        Written Demand of Possession

**¶6**        The Thrustons first argue that BMO did not provide written "demand of possession" as required by the forcible entry and detainer statutes.  The superior court concluded the Thrustons did receive proper demand of possession.  Because the issue raised on appeal involves a mixed question of law and fact, our review is *de novo*. *See In re U.S. Currency in Amount of $26,980.00*, 193 Ariz. 427, 429, ¶ 5 (App. 1998).

**¶7**        A FED action is governed by statutes, which require the plaintiff to provide "written demand of possession" to the defendants. *See* A.R.S. §§ 12-1173, -1173.01(A); *see also Alton v. Tower Capital Co.*, 123 Ariz.

---

[3]        We cite the current version of applicable statutes and rules because no revisions material to this decision have since occurred.

[4]        At the time judgment was entered, this court had not issued its mandate in the appeal from the preliminary injunction.  Accordingly, the superior court entered judgment pursuant to Arizona Rule of Civil Procedure 54(b), resolving all claims except the claim for injunctive relief.  After this court issued its mandate, BMO moved for entry of judgment on the claim for injunctive relief requesting that the court enter final judgment pursuant to Rule 54(c), which it did.

602, 604 (1979) (holding that "written demand to surrender" is a prerequisite to filing a forcible entry and detainer action).

¶8        Here, the record indicates that BMO provided written demand of possession by letter dated March 27, 2013.  The letter was addressed to "Mr. and Mrs. Thruston" and delivered "via hand delivery, posting, and e-mail."  The record also contains a photograph of the letter posted on the Property.[5]  In addition, BMO attached a copy of the letter to its original complaint, which was served on the Thrustons nineteen days before BMO amended its complaint to add its FED claim.

¶9        The superior court properly determined the Thrustons received written demand of possession.

        B.        The Automatic Stay

¶10        The Thrustons next argue that BMO filed the FED action in violation of the automatic stay imposed by Title 11 of the United States Code section 362(a).  Pursuant to 11 U.S.C. § 362(a)(1), the filing of a voluntary petition for bankruptcy operates as a stay of

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

 "[A]ctions taken in violation of the automatic stay are void."  *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000).  This court will review de novo whether the automatic stay provision of § 362(a) has been violated.  *See Egan v. Fridlund-Horne*, 221 Ariz. 229, 232, ¶ 8 (App. 2009).

¶11        In 2010, Howard Thruston filed for Chapter 7 bankruptcy protection and the automatic stay took effect.  BMO's predecessor filed a motion for stay relief, which the bankruptcy court granted.  The order stated:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED terminating any and all applicable stays and injunctions,

---

5        The Thrustons used the address for the Property on their answer and their motion to set aside the judgment, suggesting they were either living at the Property or, at the very least, collecting mail at the Property.

including the automatic stay of 11 U.S.C. § 362(a), as it is applicable to M&I Marshall & Ilsley Bank with respect to [the Property] . . . to allow M & I Marshall & Ilsley Bank to exercise its state law rights and remedies, including, without limitation, allowing the Maricopa County Sheriff to execute upon a writ of restitution.

¶12        The bankruptcy court order authorized BMO to file an FED action seeking a writ of restitution. We affirm the entry of judgment in favor of BMO on its FED claim.

II.        Trespass and Destruction of Property

¶13        BMO's complaint also asserted claims for trespass and destruction of property. The superior court dismissed these claims without prejudice.

¶14        On appeal, the Thrustons argue that the bankruptcy court's order lifting the automatic stay did not authorize an action for trespass and/or destruction of property. They also argue "the law does not allow a Plaintiff to file a Trespass case against a Defendant who lost [his or her] home in a Trustee's Sale and who is still in possession of the property." BMO contends the Thrustons lack standing to challenge the trespass and destruction of property claims. Standing is a question of law that this court reviews *de novo*. *See Karbal v. Ariz. Dep't of Revenue*, 215 Ariz. 114, 116, ¶ 6 (App. 2007).

¶15        "An appeal may only be taken by a party aggrieved by the judgment." *In re Estate of Friedman*, 217 Ariz. 548, 551, ¶ 9 (App. 2008) (citations omitted). If a superior court judgment addresses multiple claims for relief, an appellant may only appeal from "that part of the judgment by which [he or she] is aggrieved." *Matter of Gubser*, 126 Ariz. 303, 306 (1980) (citation omitted). To qualify as an aggrieved party, the judgment must operate to deny the appellant "some personal or property right" or impose on the appellant a "substantial burden." *Id.*

¶16        The superior court dismissed BMO's claims for trespass and destruction of property without prejudice. The dismissal of these claims did not deny the Thrustons any personal or property right nor did it impose a burden on them. Thus, the Thrustons are not "aggrieved," and they lack standing to appeal from the dismissal of these claims. Accordingly, we decline to address their arguments concerning these claims. *See Karbal*, 215

Ariz. at 116, ¶ 7 (App. 2007) ("If there is no standing, courts generally decline jurisdiction.").[6]

## CONCLUSION

**¶17** For the foregoing reasons, we affirm the judgment entered by the superior court. As the prevailing party on appeal, we award taxable costs to BMO upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[6] We note the dismissal of the two claims was without prejudice and the Thrustons could be harmed if BMO everbrings new claims against them based on the same facts and theories of liability. However, BMO moved for the judgment to be without prejudice and the record does not show the Thrustons objected to that request or asked the superior court to enter the judgment with prejudice. Nor do the Thrustons argue on appeal that the court erred and should have made the dismissal of those two claims with prejudice. Accordingly, we find no error in the dismissal being without prejudice. *Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29 (App. 2000). BMO's argument on standing assumes that those claims will not be refiled and our agreement on that issue may bar the refiling of those claims under a theory of judicial estoppel. *Flood Control Dist. of Maricopa Cnty. v. Paloma Invest. Ltd. Partnership*, 230 Ariz. 29, 41, ¶ 35 (App. 2012) (discussing elements of judicial estoppel).